JS - 6

FILED
CLERK, U.S. DISTRICT COURT

MAR 3 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. WILLIAMS, | NO. ED CV 11-310-MMM(E) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING |
| MATTHEW CATE, | COMPLAINT WITH LEAVE TO AMEND |
| Secy at CDCR, et al., | |
| Defendants. | |

For the reasons discussed below, the Complaint is dismissed with leave to amend.  See 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The pro se Plaintiff, a state prisoner incarcerated at the California Rehabilitation Center at Norco, California, filed this civil rights action on March 1, 2011.  Defendants are California Department of Corrections and Rehabilitation Secretary Matthew Cate and two correctional officers sued as fictitious Defendants John and Jane Doe, all sued in their official and individual capacities.

1     Plaintiff's claims arise out of an alleged race riot at the

2 California Institution for Men at Chino, California (Chino) on

3 August 8, 2009.  Plaintiff alleges that he was placed in a dormitory

4 with thirty-three Black inmates and one hundred and sixty Hispanic and

5 White inmates (Complaint, page following page three).  The Hispanic

6 and White inmates allegedly mounted a "well-timed and orchestrated

7 attack" against the Black inmates with various weapons (id.).

8 Defendant Jane Doe, the Dorm Officer, allegedly obtained "her own

9 Eleven-Man Escort" composed of "would-be attackers" to accompany her

10 to a side door exit (Complaint, p. 4).  According to Plaintiff, after

11 Jane Doe left, the attackers assertedly commenced an assault on the

12 Black inmates (id.).  Correctional officers allegedly did not attempt

13 to respond for an hour and a half (id.).

14

15     Plaintiff alleges that the assailants beat the victims with fire

16 extinguishers and stabbed them with bowie-type knives and other

17 pointed objects (id.).  Plaintiff alleges that staff members and

18 facility personnel had supplied the weapons, which assertedly had been

19 purchased at a sporting goods outlet (id.).

20

21     Plaintiff allegedly suffered a severe slashing of his throat

22 which necessitated over three hundred stitches and a skull laceration

23 requiring sixty stitches (id.).  Plaintiff reportedly was airlifted to

24 the hospital in serious condition (id.).

25

26     Plaintiff alleges that unidentified prison officials "frantically

27 scrambl[ed] to conceal and erase any paper-trail or records" of the

28 alleged attack on Plaintiff (id.).  Unidentified prison officials

1 caused Plaintiff to be returned to Chino and placed in a metal cage on

2 a cement floor without any medical treatment for over eleven days

3 (id.). Plaintiff alleges that, after numerous complaints,

4 unidentified prison officials transferred Plaintiff to "one of [the]

5 state's condemned youth facilities," where Plaintiff assertedly was

6 placed in a cell with a bare floor and no mattress or blankets (id.).

7 The cell allegedly was infested with spiders and bugs (id.).

8 Plaintiff allegedly remained in these conditions "without the benefit

9 of supervision or even a visual check until his body's cuts and

10 lacerations had healed" (id.). Plaintiff alleges that unidentified

11 prison officials thereafter attempted to conceal both the victims of,

12 and the documentation concerning, the alleged event (Complaint, p. 5).

13

14      The Complaint contains three claims for relief, styled "causes of

15 action": (1) violation of the Eighth Amendment; (2) violation of an

16 alleged "mandatorily imposed" duty of care, purportedly in violation

17 of Equal Protection; and (3) deliberate indifference in placing

18 Plaintiff in a "racially unproportioned [sic] and unbalanced

19 population," again purportedly in violation of Equal Protection.

20 Plaintiff seeks declaratory relief and compensatory and punitive

21 damages (Complaint, p. 7, second p. 6).

22

23                                   **DISCUSSION**

24

25      The Eleventh Amendment bars Plaintiff's claims for money damages

26 against the individual Defendants in their official capacities. See

27 Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989);

28 Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999), cert. denied,

1   528 U.S. 816 (1999); Bair v. Krug, 853 F.2d 672, 675-76 (9th Cir.

2   1998).

3

4       Plaintiff may not sue Secretary Cate or any other supervisor

5   pursuant to 42 U.S.C. section 1983 on a theory of respondeat superior.

6   See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Government

7   officials may not be held liable for the unconstitutional conduct of

8   their subordinates on a theory of respondeat superior"); Polk County

9   v. Dodson, 454 U.S. 312, 325 (1981).  A supervisor "is only liable for

10  his or her own misconduct," and is not "accountable for the misdeeds

11  of [his or her] agents." Ashcroft v. Iqbal, 129 S. Ct. at 1948-49;

12  see also Starr v. Baca, ___ F.3d ___, 2011 WL 477094, at *2 (9th Cir.

13  Feb. 11, 2011) (supervisor may be held liable for his or her "own

14  culpable action or inaction in the training, supervision, or control

15  of his [or her] subordinates," "acquiescence in the constitutional

16  deprivations of which the complaint is made," or "conduct that showed

17  a reckless or callous indifference to the rights of others") (citation

18  and internal quotations omitted).  Mere knowledge of a subordinate's

19  alleged misconduct is insufficient. Ashcroft v. Iqbal, 129 S. Ct. at

20  1949.

21

22      With the exception of the allegation that Defendant Jane Doe

23  purportedly obtained an inmate escort and left the area of the

24  incident, the Complaint does not allege what any of the three

25  Defendants did or did not do which assertedly violated Plaintiff's

26  rights.  An individual defendant is not liable on a civil rights claim

27  unless the facts establish the defendant's personal involvement in the

28  constitutional deprivation or a causal connection between the

4

1 defendant's wrongful conduct and the alleged constitutional

2 deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989);

3 Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). "[A]

4 plaintiff must plead that each Government-official defendant, through

5 the official's own individual actions, has violated the Constitution."

6 Ashcroft v. Iqbal, 129 S. Ct. at 1948; see also Barren v. Harrington,

7 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154

8 (1999) ("A plaintiff must allege facts, not simply conclusions, that

9 show that an individual was personally involved in the deprivation of

10 his civil rights."). In particular, Plaintiff does not allege how any

11 Defendant was involved in the alleged placement of Plaintiff in the

12 "metal cage," the alleged transfer of Plaintiff to Norco, the alleged

13 placement of Plaintiff in a bare, spider-infested cell while at Norco,

14 or the alleged cover-up.

15

16     Prison officials can violate the Eighth Amendment if they exhibit

17 "deliberate indifference" to a substantial risk of serious harm to an

18 inmate from attack by another inmate. See Farmer v. Brennan, 511 U.S.

19 825, 837 (1994); Robins v. Meecham, 60 F.3d 1436, 1439-40 (9th Cir.

20 1995); Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir.

21 1991) (en banc), cert. denied, 502 U.S. 1074 (1992). To be liable for

22 "deliberate indifference," a prison official must "both be aware of

23 facts from which the inference could be drawn that a substantial risk

24 of serious harm exists, and he must also draw the inference." Farmer

25 v. Brennan, 511 U.S. at 837. "[A]n official's failure to alleviate a

26 significant risk that he should have perceived but did not, while no

27 cause for commendation, cannot . . . be condemned as the infliction of

28 punishment." Id. at 838. Plaintiff must allege facts, not

conclusions, showing each individual Defendant's alleged deliberate indifference. See Barren v. Harrington, 152 F.3d at 1194. To the extent Plaintiff alleges prison officials negligently failed to protect Plaintiff, such allegations of negligence do not suffice to plead deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To allege an equal protection violation, Plaintiff must allege he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Barren v. Harrington, 152 F.3d at 1194-95. To the extent the Complaint attempts to allege an Equal Protection claim based on negligence, the Complaint is insufficient.

### ORDER

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of Court. See Fed. R. Civ. P. 21. Failure to file a timely First Amended Complaint in conformity

1  with this Memorandum and Order may result in the dismissal of this

2  action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir.

3  2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for

4  failure to follow court order); Simon v. Value Behavioral Health,

5  Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir.

6  2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds,

7  Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552

8  U.S. 985 (2007) (affirming dismissal without leave to amend where

9  plaintiff failed to correct deficiencies in complaint, where court had

10  afforded plaintiff opportunities to do so, and where court had given

11  plaintiff notice of the substantive problems with his claims); Plumeau

12  v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir.

13  1997) (denial of leave to amend appropriate where further amendment

14  would be futile).

15

16         IT IS SO ORDERED.

17

18              DATED: March 31, 2011

19

20

21              _____
                      MARGARET M. MORROW
22                 UNITED STATES DISTRICT JUDGE

23

24  PRESENTED this 4th day of

25  March, 2011, by:

26

27  _____/S/_____
         CHARLES F. EICK
28  UNITED STATES MAGISTRATE JUDGE